UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEVIN HANLON                                        JURY TRIAL DEMANDED

v.                                                  CASE NO.  3:13CV

U.S. EQUITIES CORP.
LINDA STRUMPF
OLGA MOISES

COMPLAINT

1.   Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act ("CCPA"), and the

Connecticut Unfair Trade Practices Act.

2.   The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3.   Plaintiff is a natural person who resides in Connecticut.

4.   Defendant Strumpf regularly collects debts by appearing in court or writing letters

on behalf of U.S. Equities Corp. ("Equities").

5.   Equities buys defaulted consumer accounts for the purpose of collection, and is

therefore a debt collector within the FDCPA.

6.   Equities is owned by Strumpf and her husband Hal Siegel.

7.   Defendant Moises is an employee of debt collector Equities.

8.   Moises regularly testifies or submits affidavits in order to obtain judgment and did

so in the plaintiff's case.

9.   In connection with a collection action against "K Leong" defendants claimed that

the defendant was Kevin Leong a/k/a/ K. Leong.

10. Defendants served Kevin Hanlon  at his address in Southbury CT with the lawsuit

against "Kevin Leong."

11. Defendants were informed, on January 24, 2011, that Kevin Hanlon had never been known as Kevin Leong, had never signed a credit card application in that name, and was not liable for the debt.

12. On February 1, 2011, Defendants provided credit card statements from 2007 and 2008 addressed to one K Leong at a Westport CT address.

13. Thereafter defendants continued to affirmatively attempt to collect the disputed account from plaintiff.

14. Despite having no possible reason to believe that Kevin Hanlon was K. Leong, defendants filed a motion for summary judgment against him on April 24, 2013.

15. Defendants' attempts to make Kevin Hanlon pay the account of K Leong included affidavits falsely claiming personal knowledge of the account and the assignment from Chase through intermediaries to Equities.

16. The well-publicized business practice of Chase was to assign accounts without knowledge of their validity under the guise of disclaiming any warranty or representation about the accounts.

17. Defendants were aware of Chase's practice.

18. The affiant had never communicated with or worked for Chase, did not know what accounts had been assigned by Chase to an original assignee, had never worked for the assignee, and could not and did not authenticate any of the documents used in an attempt to obtain judgment against Kevin Hanlon for K Leong's debt.

19. In fact, Equity had purchased from its assignor only a spreadsheet with data purporting to include information about this plaintiff.

20. Defendants received the periodic statements and other documents used to imply that they had a valid claim against Kevin Hanlon from the assignor, not from Chase.

21. Defendants claimed pre- and post-judgment interest, without submitting any factual basis therefor.

22. Defendants claimed they had checks from plaintiff but the only checks they provided were from someone named Suzanne Morrell.

23. As the basis for the claim of attorney's fees, defendants appended one of the generic Chase agreements they use in all cases

24. None of the generic agreements allowed for an assignee to seek attorney's fees.

25.  Despite case law establishing that their documentation of accounts purchased from the assignor was insufficient to support judgment, defendants intentionally continue to seek judgment in the hopes that the inadmissible evidence would not be scrutinized.

26. Despite knowledge that Equities was not allowed to seek attorney's fees based on the assignment, in every case Ms. Strumpf applies for attorney's fees.

27. On May 14, 2013, Kevin Hanlon filed an affidavit stating, inter alia, that he had never been named Leong, had not lived at the address to which statements were sent since October 30, 1989, had not received any of the statements, had been divorced from his former wife, Katherine Leong, in 1993, and the phone number on the application belonged to his former wife.

28.  Defendants withdrew the summary judgment motion, but to date have not withdrawn the complaint served on plaintiff for someone else's debt.

29. Defendants caused plaintiff considerable anxiety and inconvenience, as well as the expense of legal counsel to avert the wrongful collection.

30. In the collection efforts, defendants violated the FDCPA, § 1692d, -e, -f(1), or -g. Defendant EQUITIES violated the parallel provisions of the CCPA.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff  such damages as are permitted by law, including $1,000 statutory damages  under the FDCPA against each defendant.

2. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the CCPA against EQUITIES.

3. Award actual and punitive damages under CUTPA and such other and further relief as law or equity may provide.

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net